UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :

EDWARD AVERY BROOKS,                    :
                        Plaintiff,      :
                                        :        10 Civ. 7800 (JPO)
            -against-                  :
                                        :        <u>OPINION AND ORDER</u>
D.C. 9 PAINTERS UNION,                  :
                            Defendant.  :
                                          :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

       *Pro se* Plaintiff Edward Avery Brooks ("Plaintiff") brings this action against Defendant District Council 9, International Union of Painters and Allied Trades ("Defendant" or "DC 9") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq*. Plaintiff claims that Defendant unlawfully discriminated against him on the basis of race and age, and retaliated against him for engaging in protected activity. Defendant has moved for summary judgment. For the reasons that follow, Defendant's motion is granted and this action is dismissed.

I.    **Background**[1]

       Plaintiff, a 65 or 66 year-old African-American male, has been a member of Local Union No. 18, International Union of Painters and Allied Trades, an affiliate of Defendant DC 9, for approximately 26 years. (Def. R.56.1 Stmt. ¶ 6.) Plaintiff claims that Defendant DC 9 failed to provide him with adequate work opportunities and that any union assignments he did receive

---

[1] At Dkt. No. 36, Plaintiff has filed what he styles a "Motion Against D.C. 9." This document appears to be and is construed by the Court as an opposition to the motion for summary judgment. To the extent it is intended as a cross-motion for summary judgment, and is construed as such, it is denied for the reasons set forth in this opinion.

were on a short-term basis. (Complaint ¶¶ 3, 10-11.) In lieu of long-term work through the union, Plaintiff either found work independently or took various temporary assignments with "the City." However, because these were not private-sector jobs or were short term, he did not receive pension-eligibility credit from the union. (Pl. Mem. Opp. at 6.) As a result of these lengthy gaps between union assignments, Plaintiff alleges that he eventually lost his eligibility to receive a pension. (Complaint ¶¶ 3, 5.)

Plaintiff filed a charge with the New York State Division of Human Rights ("NYSDHR") on July 20, 2009. (Def. R.56.1 Stmt. ¶ 1; Elfeld Decl., Ex. A.) On December 17, 2009, the NYSDHR issued a "Final Investigation Report and Basis of Determination" concluding that there was no probable cause for Plaintiff's complaint because of the "lack of evidence in support of complainant's allegations of age and race/color discrimination." (Elfeld Decl., Ex. B at 1.) The EEOC adopted the NYSDHR's findings on July 7, 2010 and issued a Notice of Right to Sue Letter. (Elfeld Decl., Ex. C.) Plaintiff filed the Complaint in this case on October 7, 2010. On March 15, 2012, Plaintiff's motion for appointment of counsel was denied because Plaintiff did not meet the threshold test that his claims are "likely to be of substance, and that they appear to have some chance of success." Defendant moved for summary judgment on June 7, 2012.

## II.     Discussion

### A.     Legal Standard for Summary Judgment

Summary judgment is appropriate in a case where the evidence, viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Vacold, L.L.C. v. Cerami*, 545 F.3d 114, 121 (2d Cir. 2008). The moving party bears the burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*,

477 U.S. 317, 322-23 (1986). A fact is "material" only if it will affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For there to be a "genuine" issue about the fact, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Id.* In determining whether there is a genuine issue of material fact, the Court must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). "Resolutions of credibility conflicts and choices between conflicting versions of the facts are matters for the jury, not for the court on summary judgment." *United States v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994) (citations omitted). Where there is no evidence in the record "from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact," summary judgment is proper. *Catlin v. Sobol*, 93 F.3d 1112, 1116 (2d Cir. 1996). For that reason, summary judgment on fact-intensive questions of subjective intent and state of mind is generally inappropriate. *See Gelb v. Bd. of Elections of City of New York*, 224 F.3d 149, 157 (2d Cir. 2000). While the nonmoving party can defeat summary judgment by presenting evidence sufficient to create a genuine issue of material fact, it is well-established that "[m]ere speculation and conjecture [are] insufficient to preclude the granting of the motion." *Harlen Assocs. v. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001).

      **B.**    **Plaintiff's Title VII and NYSHRL Race Discrimination Claims**

Plaintiff claims he was discriminated against on the basis of his race in violation of Title VII and NYSHRL. Title VII makes it unlawful for an employer or labor organization to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or . . . to limit, segregate or classify employees in any way which would deprive or tend

3

to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee." 42 U.S.C. §§2000e-2(a)(1)-(2),(c)(1).

Under both state and federal law, Plaintiff's race discrimination claim is analyzed under the three-step burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010); *Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003). Under this familiar framework, a plaintiff must first demonstrate a *prima facie* case of discrimination by showing that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010). "The burden of proof that a plaintiff must meet at the prima facie stage in order to survive summary judgment is de minimis. Nonetheless, a plaintiff must proffer some admissible evidence of circumstances that would be sufficient to permit an inference of discriminatory motive." *Bennett v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 246 (S.D.N.Y. 2001), *aff'd in part, appeal dismissed in part*, 51 F. App'x 55 (2d Cir. 2002) (citations omitted). "Once a plaintiff meets this initial burden, the burden then shifts to the defendant to offer a legitimate nondiscriminatory reason for the termination. If [a] defendant does so, the burden returns to the plaintiff to show that the real reason for plaintiff's termination was [his race]." *Ruiz*, 609 F.3d at 492 (citations omitted). In conducting all of this analysis, the Court must "examine the record as a whole, just as a jury would, to determine whether a jury could reasonably find an invidious discriminatory purpose on the part of an employer." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001).

Plaintiff claims that Defendant failed to provide him with adequate employment opportunities "due to [his] race as a black man" and that he lost pension-eligibility credits as a result. (*See* Complaint ¶¶ 5, 7.) These claims, standing alone, do not suffice to defeat summary judgment. *Griffin v. Ambika Corp.*, 103 F. Supp. 2d 297, 308 (S.D.N.Y. 2000) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." (citations omitted)).

Plaintiff's claim does not succeed because he has not provided any evidence showing that Defendant denied him work opportunities or that Defendant was motivated by racial prejudice. During the period of time covered by this action, union members seeking work were required to contact their local union representative to inquire about available job opportunities. According to Defendant, Plaintiff has not contacted his local representative to inquire about potential work assignments since 2005 or 2006. Plaintiff admits that he was aware of these work assignment procedures yet concedes he has not sought work through his union representative or otherwise communicated with Defendant Union in at least several years. Indeed, he has not had a job in nearly six or seven years. It appears instead that Plaintiff chose to search for jobs independently because of the limited work available, having told an investigator from the NYSDHR that he had not called his union representative because "he heard that it is very slow . . . [and] there is no work due to the recession." In any event, there is no record evidence suggesting a racially discriminatory motive on the part of Defendant in its treatment of Plaintiff. As a result, Plaintiff cannot satisfy the third and fourth requirements of a *prima facie* case; specifically, that he suffered adverse employment action or that this action took place under circumstances giving rise to an inference of racial discrimination. Indeed, given that Plaintiff has not provided evidence demonstrating that he was qualified for the work at issue, it is doubtful that he could

satisfy even the second requirement. To the extent Plaintiff has made out a *prima facie* case, Defendant has offered a legitimate, non-discriminatory motive for Plaintiff's termination and Plaintiff has not adduced any evidence that would suggest pretext. Defendant is therefore entitled to summary judgment on Plaintiff's Title VII discrimination claim and his counterpart claim under the NYSHRL.

### C. Plaintiff's ADEA Claim

Plaintiff also claims that Defendant discriminated against him on the basis of his age in violation of the ADEA. The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). It is unlawful for a labor organization "to exclude or to expel from its membership, or to otherwise discriminate against, any individual because of his age" or "to fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities . . . or otherwise affect his status as an employee . . . because of such individual's age." 29 U.S.C. § 623(c)(1)-(2).

Age discrimination claims under the ADEA are analyzed under the same three-step burden-shifting framework set forth in *McDonnell Douglas*, except in the final stage of this analysis the plaintiff must show that age discrimination was the "but-for" cause of the adverse action and not merely one of the motivating factors. *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010); *see also Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 174 (2009); *Jenkins v. New York State Banking Dep't*, No. 07 Civ. 6322, 2010 WL 2382417, at *6-7 (S.D.N.Y. June 14, 2010), *aff'd sub nom. Jenkins v. NYS Banking Dep't*, 458 F. App'x 36 (2d Cir. 2012) (describing the operation of this legal standard).

For reasons similar to those set forth *supra* with respect to his race discrimination claims under Title VII, Plaintiff fails to establish a *prima facie* case of age discrimination against Defendant. Beyond Plaintiff's bare assertions, there is no basis in the record for the conclusion that Plaintiff was qualified for this work, that Defendant actually engaged in an adverse action against Plaintiff, or that Defendant was in any respect motivated by age-based prejudice.[2] Indeed, Plaintiff has hardly set forth any evidence in support of this claim. As a result, Defendant is entitled to summary judgment on Plaintiff's ADEA claim.

### D. Plaintiff's Title VII Retaliation Claim

Construing *pro se* Plaintiff's complaint liberally, he appears to set forth a retaliation claim, stating that he was "blacklisted . . . for fighting for [his] rights." (Complaint ¶ 2.) Under Title VII, "[r]etaliation claims, like discrimination claims, are subject to the *McDonnell Douglas* burden-shifting analysis." *Phillip v. City of New York*, No. 09 Civ. 442, 2012 WL 1356604, at *14 (E.D.N.Y. Apr. 19, 2012). "To set forth a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in a protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) a causal connection existed between the protected activity and the adverse action." *Mandavia v. Columbia Univ.*, No. 12 Civ. 2188, 2012 WL 6186828, at *12 (S.D.N.Y. Dec. 12, 2012) (citation and quotation marks omitted). "The mere fact that [a] plaintiff [has] earlier filed an EEOC complaint is not enough to support a contention that the subsequent conduct of defendants was a result of the earlier complaint." *Wilson v. Reuben H. Donnelley Corp.*, No. 98 Civ. 1750, 1998 WL 770555, at *4 (S.D.N.Y. Nov. 2, 1998).

---

[2] Indeed, the record suggests that in at least some cases his inability to obtain work was the result of a prospective employer's preference for younger workers. In those cases, the discriminatory conduct would be attributable to these prospective employers rather than to Defendant, unless Defendant actively facilitated such discrimination or in some other manner participated in it.

7

As to the causation requirement, "proof of causation can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000). If the plaintiff establishes a *prima facie* case, the defendant must then articulate a legitimate, non-retaliatory reason for the adverse employment action. *See Hicks v. Baines*, 593 F.3d at 160. If the defendant does so, the plaintiff must offer "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, No. 12-484, 2013 WL 3155234, at *14 (U.S. June 24, 2013). In other words, he must prove "but for" causation. *Id.*

Plaintiff engaged in protected activity when he filed a charge of discrimination with the NYSDHR. *See, e.g.*, *Kaur v. New York City Health and Hospitals Corp.*, 688 F. Supp. 2d 317, 336 (S.D.N.Y. 2010). However, Plaintiff has failed to offer any evidence of a causal connection between the filing of that complaint and any action taken by Defendant. He has not shown that Defendant was aware that he had filed a complaint with the NYSDHR, has not established any temporal proximity between the filing of the charge and any adverse action taken against him, and has not indicated when the allegedly retaliatory conduct occurred. Thus, Plaintiff cannot satisfy the second or fourth requirements of a retaliation claim under Title VII and Defendant is entitled to summary judgment on this part of the case.

## III.  Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and this case is dismissed with prejudice.  The Clerk of Court is directed to terminate the motion entries at Dkt. Nos. 30 and 36, and to close this case.

SO ORDERED.

Dated: New York, New York
       July 2, 2013

_____
J. PAUL OETKEN
United States District Judge